IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY J. ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3274 |
| | ) | |
| vs. | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| AMANDA JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Anthony J. Rowe, a prisoner. Because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Similarly, by proceeding in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against a judge, a prosecutor and a sheriff, all of Dakota County, Nebraska. The complaint is unclear as to the relief sought, but it appears likely that the judge and the prosecutor are shielded by immunity from the plaintiff's claims.

## Judicial Immunity

One of the defendants, a County Court Judge, must be dismissed from this litigation because of his absolute judicial immunity. Judges have absolutely immunity from a suit for damages arising out of acts, whether or not erroneous, in their judicial capacity, as long as such acts were not taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). As an example of a clear absence of jurisdiction, see id. at 357 n. 7: "[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune."

Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). The plaintiff has sued Judge Raeger for performing judicial functions as the judicial officer presiding, at one time or another, over the plaintiff's criminal prosecution. In light of the judge's immunity from suit, the plaintiff's claims arising under federal law against the defendant judge must be dismissed.

### Prosecutorial Immunity

The Dakota County Attorney must be dismissed from this litigation because of her absolute prosecutorial immunity. Prosecutors have absolute immunity for initiating a prosecution and presenting the government's case, for conduct occurring in the courtroom, and for actions preliminary to the initiation of a prosecution and apart from the courtroom which relate to the prosecutor's role as advocate. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

A conclusory allegation of conspiracy, evil motive, malice or knowledge of wrongdoing will not defeat prosecutorial immunity. See, e.g., Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Lomaz v. Hennosy, 151 F.3d 493, 498 n.7 (6th Cir. 1998); Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995). See also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1282-83 (11th Cir. 2002):

> It would be cold comfort for a prosecutor to know that he is absolutely immune from direct liability for actions taken as prosecutor, if those same actions could be used to prove him liable on a conspiracy theory involving conduct for which he was not immune. "[T]he vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system" would be unduly chilled. Imbler v. Pachtman, 424 U.S. 409, 427-28 ... (1976). That is why acts for which a prosecutor enjoys absolute immunity may not be considered as evidence of

the prosecutor's membership in a conspiracy for which the prosecutor does not have immunity .... So, the district court correctly granted summary judgment to [the prosecutor] on that conspiracy claim, as well as the substantive claim of malicious prosecution.

Because the plaintiff alleges only that the defendant prosecutor was involved in some fashion in prosecuting the plaintiff, the plaintiff has failed to allege any conduct for which that defendant lacks immunity. The plaintiff's claims arising under federal law against the Dakota County Attorney must be dismissed.

### Sheriff

In addition, the nature of the plaintiff's claim against the Dakota County Sheriff is less than clear. The plaintiff will have to amend his complaint to state with greater clarity exactly what the sheriff did to deprive the plaintiff of his civil rights.

### Injunction

Finally, a federal district court is not an appellate court with jurisdiction over the state district courts. Therefore, as I explained in filing no. 9, my Memorandum and Order denying the plaintiff's Motion for a Stay, injunctive relief is not available in this court to compel a judge to act in state court proceedings. Federal courts have no general power to compel action by state judicial officials. See, e.g., Davis v. Lansing, 851 F.2d 72, 74 (2d Cir.1988) (federal courts have no general power to interfere in state court proceedings or to direct state courts or their judicial officers in the performance of their duties).

THEREFORE, IT IS ORDERED:

1. That on initial review, the plaintiff's complaint fails to state a claim on which relief may be granted and appears to seek monetary relief from one or more defendant(s) with immunity from such relief;

2. That the Clerk of Court shall send the plaintiff a standard form for a complaint, which the plaintiff may use for an Amended Complaint;

3. That the plaintiff shall have until January 6, 2006, to file an Amended Complaint; and

4. That, in the absence of a timely and sufficient Amended Complaint, this case may be subject, without further notice, to dismissal without prejudice.

DATED this 6th day of December, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge